IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                  No. 2:11-cv-2891 GGH P

    vs.

MATTHEW CATE, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> docket # 4. By order filed February 2, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. By order, filed on April 12, 2012, pursuant to plaintiff's notice, the amended complaint filed on February 29, 2012, was stricken from the docket of this case and filed as a separate action, and plaintiff's amended complaint, filed on March 19, 2012, was deemed the first amended complaint in this case.

        Preliminarily, the court observes that while plaintiff was initially granted in forma pauperis status, it may have been improvidently granted. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit

1

indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court takes judicial notice[1] of the national pro se "three strikes" database,[2] and the three strikes cases therein cited, 1) Stewart [Manago] v. Myers, 3:90-cv-20256-MHP (N.D. Cal.) (dismissed October 9, 1991 for failure to state a claim); 2) Manago v. Marshall, 3:94-cv-01528-MHP (N.D. Cal.) (dismissed March 25, 1998 for failure to state a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and 3) Manago v. Gulare, 1:99-cv-05525-REC-SMS (E.D. Cal.) (dismissed March 17, 2000, for failure to state a claim).[3]  Each of these cases was dismissed well prior to the filing of the instant action on November 2, 2011 (or on October 27, 2011, by application of the mailbox rule[4]).  Therefore, the court finds that plaintiff is precluded from proceeding in forma pauperis, and his in forma pauperis status in this action should be revoked, unless plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

[3] Although by order filed after the filing date of this action, in Manago v. Gonzalez, 1:11-cv-2003-AWI-JLT (E.D. Cal), plaintiff was also found to be three strikes barred in an order, filed on March 12, 2012.

[4] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities; Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

Plaintiff freely concedes in his amended complaint that he is a three-strikes litigant under § 1915(g) but claims to be able to proceed pursuant to the "imminent danger" exception. Amended Complaint, p. 2. To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

Plaintiff again names a plethora of defendants (this time, twenty-three (23)) in his amended complaint, against many of whom he makes largely conclusory allegations. The gravamen of his complaint is a claim that he has not adequately protected, and in fact has been retaliated against, by defendants, arising from his having provided testimony against a Correctional Officer (C/O) Mary Brockett in 2004, for sexual harassment/assault which ultimately led to her termination. Plaintiff claims that from May of 2004, through September of 2009, defendants Cate, Kernan, Pliler, Walker, Lizzarrage, Leiber, Mini and Baughman had been placed on notice that "some corrupt correctional staff" had gotten plaintiff labeled a snitch at California State Prison - Sacramento (CSP-Sac). When plaintiff was moved to C-facility in March, 2008, plaintiff alleges that several inmates began asking him questions about the C/O Brockett matter. On February 16, 2009, plaintiff became a victim of battery on the yard by three inmate assailants, as reported by defendant Towns. Defendants Drake, Schultze and Norton failed to protect plaintiff in a timely fashion such that plaintiff was forced to defend himself. Defendants Norton and Schultze sprayed plaintiff with O.C. pepper spray in their efforts to gain control of the attack. Plaintiff faults defendant Drake for not acting to protect him and defendant Schultze for not firing a 40 mm to gain control of the situation. Plaintiff suffered breathing difficulties, burning skin, eye irritation, throat soreness and feelings of suffocation from the

incident from February 16, 2009 through Feb. 20, 2009.  Plaintiff's inmate assailants, Bass, during an investigation reported that prison staff had told him that plaintiff had "snitched"on Brockett and plaintiff believes that prison officials manipulated the assault.  Nevertheless, on Feb. 17, 2009, when plaintiff was interviewed by defendant Leiber, plaintiff told Leiber that the inmates who attacked him, Smith, Bass and Moore, should not be documented on plaintiff's CDC-812 (apparently as enemies) "because [they] were all friends."  Plaintiff also told defendant Leiber that he had no safety concerns and wanted to be returned to C-facility.  The inmates who attacked plaintiff were issued serious rules violation reports and found guilty of battery, while plaintiff, as the victim, was not.  Although defendants Walker, Leiber, Clough and Towns knew that CDCR policy does not allow an inmate charged with battery out of the SHU (security housing unit) for six months after a battery charge/finding, defendants Walker and Leiber allowed Smith, Bass and Moore back to C-facility after a week.  Amended Complaint, pp, 1-9.

When plaintiff appeared before a classification committee in Feb., 2009, defendants Walker, Leiber, Baughman and Lizarrage allowed plaintiff to be released to B-facility where plaintiff had documented and undocumented enemies.  Several unnamed inmates told plaintiff that correctional staff were spreading rumors among the inmates about plaintiff's snitching on Brockett about her sexual misconduct at CSP-Sacramento.  Defendants Cate, Kernan, Pliler, Leiber, Baughman, Lizarrage, Mini and Towns failed to protect plaintiff from a what plaintiff terms "the threat of violence" after he states that he placed them on notice of prison staff spreading the snitching rumors.  Plaintiff goes further, claiming that defendant Lo offered inmate Bass a cellphone and other contraband if Bass "would stab" plaintiff for providing the testimony against Officer Brockett.  Plaintiff recounts that his attorney, Ms. Maloney, sent a letter to defendant Cate, on April 1, 2009, including a letter from plaintiff "outlining several complaints" against staff at CSP-Sac, that defendant Walker responded on defendant Cate's behalf on June 11, 2009, that on August 11, 2009, Maloney sent an plaintiff's appeal form to

defendant Cate and informed him that CSP-Sac officials are failing to process plaintiff's staff complaints. Plaintiff claims that on Sept. 8, 2009, defendants Mini, Walker, Lizarraga, Donahoo, Rios, R. Gutierrez, Jakobsen, Karelas, Mills, Lee, Williams and Masterson conspired to cover up another battery by two inmates on plaintiff which occurred on that day, this time in the B-facility at CSP-Sac. Plaintiff makes various allegations against a number of defendants that they failed to protect him, wrote false rules violations reports accusing him of mutual combat when he was the victim, and conspired to act in retaliation against him, although he was ultimately found not guilty of fighting. He accuses defendant Masterson of having run up and kicked him, breaking his left lower limb during the incident. He also claims to have suffered an inability to breathe, throat soreness, eye irritation and a feeling of suffocation from Sept. 8, 2009 until Sept. 12, 2009, from the pepper spray used during the incident on Sept. 8, 2009. Finally, he also claims that when he was transported to California Correctional Institution on October 9, 2009, he had not yet received medical treatment for his rib injury. Amended Complaint, pp. 9-19.

All of the allegations, some of which are far from trivial, arise from incidents that are claimed to have occurred at CSP-Sacramento. When plaintiff filed this action for money damages, well over two years after the actions complained of allegedly happened, he was housed at California Correctional Institution in Tehachapi and apparently had been since October of 2009. Therefore, it is difficult to discern how, at the time of initiating this action, plaintiff could have been under imminent danger of serious physical injury when each claim relates to an institution from which he had been transferred for some time. The court, however, will grant plaintiff an opportunity to show cause why his in forma pauperis status should not be revoked.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

1 | Accordingly, IT IS ORDERED that plaintiff show cause, within 28
2 | days, why his in forma pauperis status should not be revoked pursuant to his status as a three-
3 | strikes litigant under 28 U.S.C. § 1915(g); that is, he must show cause for his claim of being in
4 | imminent danger of serious physical injury *at the time of* filing this action.
5 | DATED: June 28, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mana2891.ord2