IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                  No. 2:11-cv-2891 GGH P

    vs.

MATTHEW CATE, et al.,

        Defendants.        <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. As has been previously noted, plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> docket #'s 4 and # 14. In addition to the court's having fully set forth the basis upon which plaintiff had been determined to be a three-strikes litigant under 28 U.S.C.§ 1915(g), the court noted, in its order, filed on June 29, 2012 (docket # 14), that plaintiff in his amended complaint had freely conceded to having been previously barred under § 1915(g) from proceeding in forma pauperis in prisoner civil rights actions but had claimed therein entitlement to pursue the present action pursuant to the "imminent danger" exception.

        In the order of June 29, 2012, plaintiff was ordered to show cause why his in forma pauperis status should not be revoked as improvidently granted in light of his status as a three-strikes litigant under 28 U.S.C. § 1915(g), specifically directing plaintiff to show cause for

1

his claim of being in imminent danger of serious physical injury *at the time of* filing this action. In summarizing the myriad claims of plaintiff's amended complaint naming some twenty-three (23) defendants, arising from incidents alleged to have occurred at CSP-Sacramento, the court stated, in part:

> When plaintiff filed this action for money damages, well over two years after the actions complained of allegedly happened, he was housed at California Correctional Institution in Tehachapi and apparently had been since October of 2009. Therefore, it is difficult to discern how, at the time of initiating this action, plaintiff could have been under imminent danger of serious physical injury when each claim relates to an institution from which he had been transferred for some time. The court, however, will grant plaintiff an opportunity to show cause why his in forma pauperis status should not be revoked.

Order, filed on June 29, 2012, p. 5.

In his response, plaintiff argues that in his first amended complaint he sufficiently pled that his current living conditions put his life at substantial risk. See plaintiff's response (docket # 15), p. 5. The allegations of his amended complaint, which are incorporated by reference to the court's prior order (docket # 14) and will not be fully reiterated herein, center on, as plaintiff asserts, "multiple claims against multiple defendants," allegedly arising as forms of "retaliation and retribution" against plaintiff for his having provided testimony regarding his having been subjected to sexual harassment/sexual assaults by a CSP-Sacramento correctional officer in 2004, eventually resulting in her termination. Docket # 15. Plaintiff claims that CDCR prison officials have shared confidential information with inmates at CSP-Sacramento, Salinas Valley State Prison, High Desert State Prison and California Correctional Institution (where, as noted, plaintiff is presently housed), that he has been labeled a "snitch" which subjects him to on-going danger, that his attempts to administratively exhaust his claims against prison officials for their deliberate indifference and failure to protect him have been frustrated, and that he was in danger before filing this action and remains so. Id. He believes that "magistrates" have been

\\\\\

1  unfairly disposed toward his complaint[s] because his allegations include claims of criminal
2  activity by law enforcement.  Id.

3  The court is unpersuaded.  Plaintiff has been found to be a three-strikes litigant
4  under the PLRA because a number of his prior complaints have been dismissed as failing to state
5  a claim.  See docket # 14.  The claims of his original complaint in this action (which was
6  dismissed with leave to amend by order at docket # 5) solely implicated incidents that arose at
7  CSP-Sacramento at a time he was no longer housed there.  Of course, it is whether or not
8  plaintiff has alleged that he was "under imminent danger of serious physical injury" at the time of
9  the filing of the action which is germane for plaintiff to meet the exception under 28 U.S.C. §
10 1915(g).  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at
11 the time of the filing of the complaint that matters for purposes of the 'imminent danger'
12 exception under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir.
13 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147
14 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

15 However, even in the amended complaint on which he inappropriately relies, this
16 court has noted that all of his claims arose from alleged incidents at CSP- Sacramento, and do not
17 speak to claims arising at his current place of incarceration, despite his contentions otherwise in
18 response to the show cause order.  It is also arguably telling that in his original complaint, the one
19 at issue for purposes of determining whether plaintiff meets the "imminent danger" exception,
20 the relief he sought, as noted, was in the form of money, including punitive, damages.  Plaintiff
21 simply does not present a sufficient basis for the court to determine he is entitled to proceed in
22 forma pauperis under the "imminent danger" exception.  Plaintiff's in forma pauperis status,
23 therefore, is revoked for his having failed to show cause, as a three-strikes litigant under §
24 1915(g), for entitlement to proceed in this action in forma pauperis under the "imminent danger"
25 exception.
26 \\\\\

Accordingly, IT IS ORDERED that:

1. Plaintiff's in forma pauperis status is hereby revoked in this action as improvidently granted; and

2. Plaintiff must, within thirty days of the date this order is filed, pay the $350.00 filing fee in full; failure to do so will result in dismissal of this action.

DATED: August 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mana2891.ord3