IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                        No. 2:11-cv-2891 GGH P

     vs.

MATTHEW CATE, et al.,

      Defendants.                 <u>ORDER</u>

_____/

<u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. As noted previously, plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> Docket #'s 4 and 14. By order, filed on August 15, 2012, plaintiff's in forma pauperis status was revoked as improvidently granted, and plaintiff was directed to pay the $350.00 filing fee in full within thirty days. Instead, on August 24, 2012, plaintiff filed a motion for reconsideration of the August 15th order. Docket # 17. Plaintiff has inappropriately invoked Fed. R. Civ. P. 60(b) in his motion inasmuch as there has as yet been no final judgment in this case.

\\\\\

\\\\\

1

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, plaintiff continues to re-visit arguments the court has previously addressed. The determination of this court is now the law of the case and plaintiff's continued efforts to circumvent his status as three-strikes litigant within the meaning of 28 U.S.C. § 1913(g), who, in this case, does not meet the "imminent danger" exception of that statute will not be re-addressed. The court will, however, allow plaintiff an additional fourteen days to pay the filing fee. Failure to do so within that time will result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Upon reconsideration, this court's order of August 15, 2012, is affirmed;

2. However, plaintiff is liberally granted an additional fourteen days from the date of this order to submit the $350.00 filing fee; failure to do so within that time will result in dismissal of this action.

DATED: November 1, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mana2891.ord4