IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                      No. 2:11-cv-2891 AC P

        vs.

MATTHEW CATE, et al.,

        Defendants.                ORDER

                               /

        Plaintiff, a state prisoner proceeding pro se, filed an action pursuant to 42 U.S.C. § 1983 and consented to the jurisdiction of the magistrate judge. See Doc. Nos. 4 and 14. By order filed on August 15, 2012, plaintiff's in forma pauperis status was revoked as improvidently granted in light of petitioner's status as a "three-strikes" litigant under 28 U.S.C.§ 1915(g). The court rejected plaintiff's assertion that he was in imminent danger, primarily because the complaint alleged injuries sustained well in the past. Plaintiff was directed to pay the $350.00 filing fee in full within thirty days. Doc. No. 16. Plaintiff sought reconsideration. By order filed on November 2, 2012, the August 15th order was affirmed. Plaintiff was granted an additional fourteen days to pay the filing fee in full, and was cautioned that should he fail to do so, the instant action would be dismissed. Doc. No. 18. When plaintiff failed to pay the filing

fee, or otherwise respond to the court's order, before the expiration of the time for doing so, this action was dismissed without prejudice. Doc. No. 21 (citing Local Rule 110; Fed. R. Civ. P. 41(b)).

On December 7, 2012, plaintiff filed a motion for reconsideration/relief from judgment pursuant to Fed. R. Civ. P. 60(b). Doc. No. 23. Very shortly thereafter, on December 10, 2012, plaintiff filed a notice of appeal. Doc. No. 24.

The Federal Rules of Civil Procedure provide that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> 
>     (1) defer considering the motion;
>     (2) deny the motion; or
>     (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). See also, Perry v. Schwarzenegger, 790 F. Supp.2d 1119, 1123 (N.D. Cal. 2011). Therefore, although an appeal is pending, this court has jurisdiction to adjudicate the Rule 60(b) motion in compliance with any of the specified actions set forth in Rule 62.1.

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of

Civil Procedure are addressed to the sound discretion of the district court..." <u>Allmerica Financial Life Insurance and Annunity Company v. Llewellyn</u>,139 F.3d 664, 665 (9th Cir. 1997).   Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed.  See <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." <u>United States v. Cuddy</u>, 147 F.3d 1111, 1114 (9th Cir. 1998), <u>quoting</u> <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).   A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).  Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals</u>, 571 F.3d at 880. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Westlands Water Dist</u>., 134 F.Supp.2d at 1131 (internal citations omitted).

Plaintiff specifically invokes Rule 60(b)(6) as the basis for his motion.  The Ninth Circuit has summarized the governing law as follows:

> The Supreme Court first addressed Rule 60(b)(6) in <u>Klapprott v. United States</u>, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), stating, "[i]n simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests

3

> power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." 335 U.S. at 614-15, 69 S.Ct. 384. Thereafter, in Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), the Supreme Court somewhat narrowed the scope of the rule, holding that it would not provide relief for a "free, calculated, deliberate choice[ ]" not to appeal, where "[n]either the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within Klapprott or Rule 60(b)(6)." 340 U.S. at 198, 202, 71 S.Ct. 209. This Court has held that "[i]n order to bring himself within the limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO, 448 F.2d 729, 730 (9th Cir.1971).

Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012).

Rule 60(b)(6) is a vehicle to be used:

> sparingly as an equitable remedy to prevent manifest injustice. United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Tani, 282 F.3d at 1168 (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir.1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010).

The court has reviewed petitioner's motion and finds that plaintiff has added nothing new or substantive that was not previously considered, nor does he demonstrate the requisite "extraordinary circumstances" to warrant the relief he seeks. Instead, he simply rehashes arguments the court has already considered. Plaintiff cites no authority binding on this court which would warrant this court's revisiting its prior rulings. Plaintiff's continued arguments notwithstanding, it is whether or not plaintiff has alleged that he was "under imminent danger of serious physical injury" at the time of the filing of the action which is germane for plaintiff to meet the "imminent danger" exception under 28 U.S.C. § 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

Plaintiff cites, inter alia, Ashley v. Dilworth, 147 F.3d 715 (8th Cir.

4

1998), in which the Eighth Circuit found that the plaintiff had met the § 1915(g) imminent danger exception because he had "properly alleged an ongoing danger, and because his complaint was filed very shortly after the last attack". Ashley, 147 F.3d at 717. In that case, "Ashley supported the allegations of his complaint with documentary evidence, including corroborative prison disciplinary reports." Id. In Andrews, the Ninth Circuit endorsed the Eighth Circuit's standard of "requiring a prisoner to 'allege[] an ongoing danger'" as "the most sensible way to interpret the imminency requirement." Andrews, 493 F.3d at 1056. This court previously concluded that plaintiff did not satisfy this standard:

> However, even in the amended complaint on which he inappropriately relies, this court has noted that all of his claims arose from alleged incidents at CSP- Sacramento, and do not speak to claims arising at his current place of incarceration, despite his contentions otherwise in response to the show cause order. It is also arguably telling that in his original complaint, the one at issue for purposes of determining whether plaintiff meets the "imminent danger" exception, the relief he sought, as noted, was in the form of money, including punitive, damages. Plaintiff simply does not present a sufficient basis for the court to determine he is entitled to proceed in forma pauperis under the "imminent danger" exception.

Doc. No. 16, p. 3.

Accordingly, IT IS ORDERED that plaintiff's Rule 60(b) motion for relief from judgment, filed on December 7, 2012 (Doc. No. 23), is denied.

DATED: December 26, 2012.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
mana2891.ord6